IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

                Plaintiff,

  v.

LAVERN WALLACE,

                Defendant.

ORDER

16-cv-743-jdp

---

Pro se plaintiff Carlos Lindsey, a state prisoner confined at the Wisconsin Secure Program Facility (WSPF), is proceeding on an Eighth Amendment claim. Lindsey alleges that defendant Lavern Wallace, a correctional officer at WSPF, was deliberately indifferent toward Lindsey's threats of suicide and that, as a result, Lindsey attempted to kill himself and harmed himself in the process.

Lindsey now moves for a preliminary injunction under Federal Rule of Civil Procedure 65(a). Dkt. 12. He states that, because he suffers from a host of mental problems, he should be transferred from WSPF to the Wisconsin Resource Center (WRC). *Id.* at 7. I will deny his motion.

A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. School Bd. of Greenfield*, 134 F.3d 821, 823 (7th Cir.1998) (citations omitted). When the movant seeks a mandatory injunction, "an injunction requiring an affirmative act by the defendant," the motion must be "cautiously viewed" and granted only "sparingly." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

To obtain a preliminary injunction, the movant must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claim has some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). Once the movant makes this showing, the court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *Id*. (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)).

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626.

Here, Lindsey has not shown that he will suffer irreparable harm without a preliminary injunction. He is receiving psychological care at WSPF for his conditions: antisocial personality and post-traumatic stress disorders.[1] The psychological services staff at WSPF sees him at his cell door once a week. A few times a month, Lindsey participates in group treatments. Dkt. 16, ¶ 11. Lindsey can see a psychologist more often if he submits a

---

[1] Lindsey states in his declaration that he also has depression. Dkt. 18, ¶, 1. But he does not dispute that the psychologists at WSPF can help with his depression.

2

request; but it is undisputed that he has not made such a request since October 2016. And, although Lindsey has made threats of suicide in the past, he has not reported any suicidal ideation since November 2016.

Lindsey argues that because WSPF does not have a special program for treating post-traumatic stress disorder, he faces a "risk of attempting suicide." Dkt. 17, at 2. But WSPF has psychologists who are willing and able to help Lindsey with his PTSD. Lindsey is "not entitled to dictate the terms of his care." *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017). Prison officials decided to keep Lindsey at WSPF and to offer psychological services at WSPF. In the absence of evidence that WSPF cannot provide these services, I will defer to their decision.

Accordingly, Lindsey's motion for a preliminary injunction is denied.

ORDER

IT IS ORDERED that plaintiff Carlos Lindsey's motion for preliminary injunction, Dkt. 12, is DENIED.

Entered April 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge