IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LINDSEY,

                Plaintiff,

  v.

LAVERN WALLACE,

                Defendant.

OPINION & ORDER

16-cv-743-jdp

---

Pro se plaintiff Carlos Lindsey, a state prisoner incarcerated at the Wisconsin Secure Program Facility (WSPF), is proceeding on an Eighth Amendment deliberate indifference claim against defendant Laverne Wallace, a correctional officer at WSPF. Lindsey alleges that he told Wallace that he was suicidal and that he needed to see someone for psychological services, but Wallace taunted him and told him that he would not call anyone. Lindsey swallowed 19 pills of hydroxyzine, and a doctor at an off-site hospital diagnosed him with acute kidney failure. Wallace moved for summary judgment, and I denied his motion. Dkt. 48.

Five motions are pending before the court: (1) Lindsey's motion for appointment of counsel, Dkt. 52; (2) Lindsey's motion for issuance of a subpoena for Larry Primmer, Wallace's supervisor, Dkt. 49; (3) Lindsey's motion for issuance of a subpoena for Maria Lemieux, a psychological associate at WSPF, Dkt. 50; (4) Lindsey's motion for issuance of a subpoena for Christine Langemo, the doctor who diagnosed him with acute kidney failure, Dkt. 51; and (5) Wallace's motion for leave to depose Lindsey, Dkt. 54. I will grant Lindsey's motion for assistance in recruiting counsel. I will grant Wallace's motion to depose Lindsey, provided that Wallace deposes Lindsey after the court attempts to recruit counsel for him. I will deny all other motions without prejudice.

### A. Lindsey's motion for appointment of counsel

Litigants in civil cases do not have a constitutional right to counsel, and the court has only discretion to assist in recruiting counsel who may be willing to serve without compensation. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653–54, 656 (7th Cir. 2007) (en banc). Before assisting in recruiting counsel, this court generally requires a pro se litigant to satisfy two requirements. First, the litigant must show that he has made reasonable attempts to recruit counsel on his own. *Pruitt*, 503 F.3d at 654. Lindsey identifies three lawyers he attempted to recruit and states that the lawyers have not written him back, Dkt. 52, ¶ 8, so he satisfies the first requirement.

Second, once the pro se litigant shows that he has made some reasonable attempts to recruit counsel, the court "must examine whether the difficulty of the case—factually and legally—exceeds" his abilities to litigate his claims. *Perez v. Fenoglio*, 792 F.3d 768, 784 (7th Cir. 2015). The inquiry into a litigant's abilities to handle his own case is a practical one, made in light of "whatever relevant evidence" that is available. *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). Courts generally consider the litigant's "literacy, communication skills, educational level, and litigation experience" in light of the complexities of the case. *Pruitt*, 503 F.3d at 655. Cases that involve complex medical evidence are often difficult for pro se litigants. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Litigating the state of mind of a defendant adds further complexity. *Id.* (discussing *Swofford v. Mandrell*, 969 F.2d 547 (7th Cir. 1992) and noting that when prison officials allegedly failed to come to the plaintiff's aid when he was assaulted turned on witness credibility and that the plaintiff's inability to investigate crucial facts warranted recruitment of counsel). Recruiting counsel is discretionary, but a district court must ensure that the pro se litigant suffers no prejudice from an inability to investigate facts

or to present key witnesses. *Id.* at 566. Prejudice in this context means "a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation." *Henderson*, 755 F.3d at 566. The court must consider the litigant's intellectual capacity and psychological history if they are known. *Santiago*, 599 F.3d at 762.

I conclude that assisting Lindsey in recruiting counsel is appropriate for three reasons. First, Lindsey's mental health raises doubt whether he is capable of litigating this case. Lindsey attempted suicide by overdosing, as evidenced by the video recording of his cell. *See* Dkt. 36 Ex. 103. Lindsey informed the court in a declaration that he suffered from a long list of mental conditions, some of which caused visual and auditory hallucinations. Dkt. 13, at 2. Lindsey has been receiving mental treatment, *see* Dkt. 34-1, at 13, 24–25, but it is unclear whether Lindsey continues to suffer from some of his serious mental conditions, and his mental conditions cast doubt whether this proceeding would be fair without counsel assisting him.

Second, Lindsey's circumstances may inhibit his ability to investigate facts. Lindsey had been transferred to the Green Bay Correctional Institution and back to WSPF. Dkt. 27 (notice of address change to GBCI); Dkt. 37 (notice of address change to WSPF). These transfers, and the associated difficulties in gathering evidence, impair his investigation. *See Santiago*, 599 F.3d at 762 ("Because he had been transferred to another facility after the events underlying his claims, he faced significant problems that he would not have faced if he had remained in the same facility. . . . [T]he district court did not mention this very important factor."); Dkt. 48, at 2. Lindsey also says that he had limited access to his legal materials for some time at WSPF even when Wallace's motion for summary judgment was pending. Dkt. 37. It is "the duty of the district court to assist him, within reason, to make the necessary investigation." *Santiago*, 599 F.3d at 763 (quoting *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 790 (7th Cir. 1995)).

3

Third, and most important, Lindsey will likely need an expert. The parties dispute whether Lindsey suffered any objectively serious harm, and Lindsey states that he will show such harm by presenting evidence of physical harm. Dkt. 52, ¶ 6. He wants to subpoena Langemo, who diagnosed him with acute kidney failure. Dkt. 51; *see also* Dkt. 24-7, at 1. Wallace presents his medical expert, Ryan Holzmacher, who opines that Langemo erred in her diagnosis. Dkt. 33, ¶ 15. To resolve the difference between the two medical opinions, Lindsey would need to present the opinion of Langemo or another expert in an admissible form. *See* Fed. R. Evid. 702. I doubt Lindsey can do that without counsel.

Lindsey has a litigation history that suggests a pattern of abuse, as I have noted. Dkt. 6, at 4 n.1. Nevertheless, given the record presented at summary judgment, and despite his past litigation history, Lindsey is entitled to a fair opportunity to litigate this case.

I will grant Lindsey's motion for assistance in recruiting counsel. The court will attempt to find counsel willing to represent Lindsey.

**B. Wallace's motion to take Lindsey's deposition**

Wallace moves to take Lindsey's deposition under Federal Rule of Civil Procedure 30(a)(2)(B). Dkt. 54. If the court finds counsel who is willing to represent Lindsey, counsel will defend Lindsey at his deposition. So I will provisionally grant Wallace's motion. Wallace may depose Lindsey after the court attempts to recruit counsel for him.

**C. Lindsey's motions for issuance of subpoenas**

Lindsey moves for issuance of subpoenas for three witnesses: Primmer, Lemieux, and Langemo. Dkts. 49–51. Lindsey has not paid his fees for the subpoenas. In any event, if the court finds counsel for Lindsey, counsel can assist him with issuing subpoenas, so I will deny

Lindsey's motions. If the court cannot find counsel willing to represent Lindsey and he chooses to proceed without counsel, he may renew his motions later in the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Carlos Lindsey's motions for issuance of subpoenas, Dkts. 49–51, are DENIED without prejudice.

2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 52, is GRANTED.

3. Defendant Laverne Wallace's motion for leave to depose plaintiff, Dkt. 54, is GRANTED, provided that defendant deposes plaintiff after the court attempts to recruit counsel.

4. All proceedings in this case are STAYED. After the court attempts to find counsel willing to represent plaintiff, the court will lift the stay and hold a status conference to establish a new schedule.

Entered April 18, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge